IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

ANTHONY M. NOLAN,
#Y24615,

                Plaintiff,

v.

LT. REID,
LT. SLUNKER, and
LAWRENCE C.C.,

                Defendants.

Case No. 25-cv-00352-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Anthony M. Nolan, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while housed at Lawrence Correctional Center. Plaintiff is seeking monetary damages in the amount of $25 million. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen these complaints to filter any non-meritorious claims. If any portion of the Complaint is frivolous or fails to state a claim upon which relief may be granted, then the Complaint must be dismissed. *See* 28 U.S.C. § 1915A(a).

## THE COMPLAINT

Plaintiff alleges that, on September 9, 2024, Lieutenant Slunker put handcuffs and ankle shackles on Plaintiff before escorting him to the showers. (Doc. 1, p. 12). When Slunker attempted to put a spit hood on Plaintiff, Plaintiff asked Slunker if he could place the spit hood on himself. (*Id.*). Lieutenant Reid, the other escorting lieutenant, then "got aggressive" and stated, "No, you're going to let Lieutenant Slunker do it." (*Id.*).

When Plaintiff walked into the shower, Reid pulled on Plaintiff's ankle chain, and Plaintiff fell. (Doc. 1, p. 12). As a result, Plaintiff states his left shoulder became disconnected from his collarbone, and his front right tooth cracked. (*Id.*). He further alleges blunt head trauma, neck and back pain, chest pain, continuing headaches, and continuing pain and suffering. (*Id.* at p. 13).

The next day, Plaintiff told Lieutenant Taylor about his injuries. (Doc. 1, p. 13). Taylor brought Nurse Simpson to Plaintiff's cell to examine him. (*Id.*). Plaintiff was then taken to the healthcare unit, where he received X-rays but no pain pills, and then returned to his cell. (*Id.*). He received no other medical assistance. (*Id.*).

On October 4, Plaintiff was transferred to Menard Correctional Center. (Doc. 1, p. 13). He was placed in a cell with a nonworking toilet and black mold, and he remained there for seven days without sheets, covers, toilet paper, cleaning supplies, or any personal property. (*Id.*).

## PRELIMINARY DISMISSAL

Plaintiff includes allegations in his Complaint of inadequate medical care following the use of excessive force and inadequate conditions of confinement once transferred to Menard Correctional Center. Because Plaintiff assigns no defendant to either charge, these claims are dismissed without prejudice. Although Plaintiff lists several state employees that may be responsible for the alleged conduct, he assigns no specific defendant to these allegations. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In addition to asserting his claims under the Eighth Amendment, Plaintiff states that his rights under the Fourteenth Amendment have also been violated. (Doc. 1, p. 13). To the extent Plaintiff is asserting a substantive due process claim under the Fourteenth Amendment, the claim is dismissed. The Supreme Court and Seventh Circuit have made it clear that plaintiffs should "resort to the substantive guarantees of the Due Process Clause for relief only when there is not 'a particular Amendment [that] provides an explicit textual source of constitutional protection against a particular sort of government behavior.'" *Childress v. Walker*, 787 F.3d 433, 438 (7th Cir. 2015) (quoting *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)) (internal quotation marks omitted). Here, the Eighth Amendment provides an explicit source of constitutional protection and therefore displaces Plaintiff's substantive due process claim.

Lastly, Lawrence Correctional Center, an IDOC facility, is a state government agency and is not a person subject to suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). As such, Lawrence Correctional Center will be dismissed with prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:**   Eighth Amendment claim against Slunker and Reid for excessive force in pulling the chain attached to Plaintiff's ankle shackles.

**Count 2:**   Eighth Amendment claim against Slunker for failure to intervene when Reid pulled Plaintiff's chain, causing the injury.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

Plaintiff's claim for the use of excessive force is dismissed without prejudice as to Slunker but survives preliminary review against Reid. Because Slunker did not pull the chain attached to Plaintiff's ankle shackles, Slunker did not use excessive force.

In evaluating an Eighth Amendment excessive force claim, because direct evidence of intent is rarely available, several factors may be used to determine whether the amount of force used was reasonably necessary. *Smith v. Kind*, F.4th 1, 4 (7th Cir. 2025). These factors include: the need for force, threat imposed by the inmate as reasonably perceived by a responsible official, the relationship between the need for force and the amount of force used, and any efforts made to temper severity of forceful response. *Id.* A correctional officer's use of force "only qualifies as unnecessary and wanton infliction of pain if it is applied not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Id.*

Plaintiff alleges that he was "no threat towards Lt. Reid or Lt. Slunker" and that Reid's use of excessive force was uncalled for. Plaintiff was complying with instructions and was merely going to take a shower. Thus, Plaintiff's claim against Reid survives preliminary review.

### Count 2

Plaintiff's claim against Slunker for failure to intervene is dismissed. "A correctional officer who fails to intervene to try to prevent known cruel or unusual force in violation of the Eighth Amendment, despite reasonable opportunity to do so, may be held liable to a state prisoner under § 1983." *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018). "Duty to intervene" means an obligation to intervene to prevent harm from occurring that arises when an officer is present and has reason to know: (1) that excessive force is being used; or (2) that any constitutional violation has been

committed by a law enforcement official, and the officer has a realistic opportunity to intervene.

Here, while there may have been underlying cruel and unusual punishment being administered by Reid, no facts are alleged to show that Slunker had reasonable means of intervening before Reid pulled the chain.

### DISPOSITION

For the reasons set forth, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Reid but is **DISMISSED without prejudice** as to Slunker. **COUNT 2** is **DISMISSED without prejudice**. Because there are no surviving claims against Slunker, he is **DISMISSED without prejudice**. Lawrence Correctional Center is **DISMISSED** from the case, and the claim against it is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Slunker and Lawrence Correctional Center as Defendants.

Because Plaintiff's claims involve allegations of physical injury, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Reid the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on the Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only need to respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of

court documents and may result in a dismissal of this action for want of prosecution.
*See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2025**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.