IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY M NOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-00352-RJD |
| | ) | |
| | ) | |
| ROBERT REID, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter is now before the Court on the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Robert Reid. (Doc. 41). For the reasons explained below, the motion is **DENIED without prejudice**. Defendant Reid is granted leave to renew the motion by **August 15, 2026**.

On March 14, 2025, Plaintiff Anthony M. Nolan brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while housed at Lawrence Correctional Center. (Doc. 1). At that time, Nolan was an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Menard Correctional Center ("Menard"). (*Id.*; Doc. 20, p. 1). After threshold review of the Complaint, Nolan was allowed to proceed on an Eighth Amendment claim against Reid for the use of excessive force on September 9, 2024, when he pulled the chain attached to Nolan's ankle shackles. (Doc. 20, pp. 4-7).

---

[1] This matter has been assigned to the undersigned to conduct all proceedings through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 30).

On November 20, 2025, Nolan filed a Notice of Change of Address, advising of his upcoming release on December 15, 2025, and providing his new address. (Doc. 36). On December 17, 2025, Reid filed this Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 41) along with a Rule 56 Notice advising Nolan, a pro se party, of the consequences of his failure to respond to the motion under Fed. R. Civ. P. 56 and Local Rule 56.1. (*Id.*). In his motion, Reid indicated that Nolan was at that time housed at Centralia Correctional Center. (Doc. 41, p. 1). Reid, however, attached to the motion as well to the Rule 56 Notice Certificates of Service stating that he served those documents to Nolan at Menard Correctional Center via United States Postal Service. (Doc. 41, p. 9; Doc. 42, p. 5). There is no indication that Reid attempted to serve Plaintiff at his new address in accordance with his Notice of Change of Address, or at Centralia Correctional Center, where the motion represents that Plaintiff was housed at that time.[2]

To date, Nolan has not responded to the motion. Based on the IDOC website, Nolan was released from IDOC custody on parole on December 15, 2025, which is consistent with his Notice of Change of Address.[3] Because it appears that Nolan has not properly been served with Reid's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies and the Rule 56.1 Notice, the Court cannot reach its merits at this time. Accordingly, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies is **DENIED without**

---

[2] Admittedly, Defendant is not entirely at fault for mailing his motion to Menard. Nolan's address of record has not been updated on the docket despite Nolan's advance notice of his change of address. However, Defendant was also served with Nolan's notice of change of address and had access to IDOC's website. The Court further assumes that defense counsel should have received some notification advising him that service of the motion at Menard could not be effectuated.

[3] See Individual in Custody Search (last visited on August 4, 2026).

**prejudice**. Defendant Reid is granted leave to renew the motion **by August 15, 2026**, make any necessary amendments regarding Nolan's housing, and serve him with the renewed motion and Rule 56.1 Notice at the home address indicated in his Notice of Change of Address (Doc. 36). The Clerk of Court is also **DIRECTED** to update Plaintiff Anthony M. Nolan's address in accordance with the Notice of Change of Address (Doc. 36).

## Conclusion

For these reasons, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 41) is **DENIED without prejudice**. Defendant Reid is granted leave to renew the motion **by August 15, 2026**, and serve Plaintiff at the address indicated in the Notice of Change of Address (Doc. 36). The Clerk of Court is also **DIRECTED** to update Plaintiff Anthony M. Nolan's address in accordance with the Notice of Change of Address (Doc. 36).

**IT IS SO ORDERED.**

**DATED: August 4, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**